opinion of the court
Lawrence E. Kahn, J.
In this CPLR article 78 proceeding, petitioner seeks an order declaring that a resolution of the Troy Savings Bank dated January 24, 1983 is invalid. Said resolution determined that petitioner had violated section 247 (subd 2, par [a]) of the Banking Law. The resolution further found that as a result of said violation, petitioner’s position as trustee had automatically been vacated pursuant to the provisions of section 248 (subd 2, par [b]) of the Banking Law. Petitioner seeks to have the resolution declared invalid and seeks reinstatement to his position as trustee.
Section 247 (subd 2, par [a]) provides that
“Neither a trustee nor an officer of a savings bank shall
“(a) Receive directly or indirectly and retain for his own use any commission on or benefit from any loan made by the savings bank; or any pay or emolument for services rendered to any borrower from the savings bank in connection with such loan”.
The applicable provisions for removal and forfeiture of office provide that
“the office of a trustee of a savings bank shall become vacant whenever he
*464 “(d) Shall violate any of the provisions of this article imposing restrictions upon trustees and officers.” (Banking Law, § 248, subd 2, par [d].)
Prior to the resolution of the board, petitioner was a trustee of the Troy Savings Bank. His wife, Loretta Devane, operates a real estate agency, and in that capacity, accepted a listing for a parcel of real property in the County of Rensselaer. Through the multiple listing service, a purchaser for the property was obtained by Lori Schindler Realty. Prior to the closing date, Mrs. Devane became aware that a mortgage application had been submitted to the Troy Savings Bank and approved by the board of trustees. After becoming aware that he had passed upon a mortgage application for purchases of property wherein his wife would receive a commission, petitioner immediately apprised Herbert J. Fadeley, Jr., as chief executive officer of the bank and chairman of the board. Thereafter, that same afternoon, the closing took place, title passed to the purchasers and the mortgage was executed. However, the portion of the real estate commission ascribed to Devane Realty was placed in escrow pending a determination with respect thereto.
The provisions of the Banking Law with respect to forfeiture of a trustee’s position for violation of a fiduciary duty are swift and sure. In most unambiguous terms, the statute provides that the office shall become vacant upon a violation of any restrictions contained therein. Strict adherence to these statutory provisions must be maintained in order to safeguard the integrity of the financial institution and its depositors, who are the ultimate intended beneficiaries of the restrictions. Thus, the argument that a benefit is de minimis is without merit. So too is the argument that an automatic forfeiture does not occur upon a violation, regardless of whether such violation was inadvertent. However, the statute does plainly require the occurrence of two distinct events in order to invoke the automatic vacating of the position. There must be a receipt of a benefit from activity as a trustee, and there must be a retention of that benefit.
In the case at bar, there can be little doubt that the first criterion has been established. Petitioner acknowledge^ *465 this in his initial correspondence to Mr. Fadeley on July 2, 1982, wherein he states that “it was inevitable that such a conflict would someday occur.” However, in this court’s view, there is no substantial evidence in the record to support a finding that petitioner has retained the benefit. Upon learning of the conflict just prior to the scheduled closing, full disclosure was made. Indeed, while nevertheless an acknowledged conflict, there is nothing to indicate that the incident was intentionally designed to circumvent petitioner’s fiduciary obligations. Upon learning of the conflict, that portion of the commission due Devane Realty was placed in escrow; “The commission paid to Devane Realty is presently being held in escrow.” Thus, the determination that a violation of section 247 (subd 2, par [a]) occurred is not supported by substantial evidence, and is arbitrary and capricious.
Finally, while this issue need not be reached, the court must note that the hearing held in this regard was presided over by respondent Fadeley as chairman of the board of trustees and chief executive officer of the bank. A review of the transcript establishes that Mr. Fadeley determined that “the Chairman shall at all times, be the presiding officer.” It is further evident that Mr. Fadeley was intimately involved with the events which transpired prior to the real estate closing, that he was called as a witness at the hearing and ruled on objections in relation thereto. Thus, although the hearing may be conducted with less formality than that required where strict adherence to the rules of evidence is mandated, the essential elements of due process must be observed. While the State Administrative Procedure Act is not applicable to the proceeding, nevertheless, the person presiding over the hearing must be impartial. Given the intimacy of Mr. Fadeley with the issues to be adjudicated at the hearing, due process requires that an independent person preside at such a hearing. (See Creed v Peekskill Sav. Bank, Supreme Ct, Westchester County, Jan. 4; 1978, wherein the Honorable Anthony J. Cerrato, Supreme Court Justice, in a similar proceeding, noted that “a hearing was held at which an outside hearing officer agreed upon by the parties presided.”)
*466 The petition for a judgment invalidating respondents’ determination and resolution of January 24,1983, shall be granted upon the ground that there is no evidence before this court that petitioner has retained a benefit derived from his position as trustee with the Troy Savings Bank.