■ In the Matter of RICHARD B. DEVANE, Respondent, v TROY SAVINGS BANK et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered June 3, 1983 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Troy Savings Bank vacating petitioner's position as a trustee of said bank. ¶ Petitioner, a trustee of respondent Troy Savings Bank since 1970, was removed from said position on January 24, 1983 when his office was revoked for a purported violation of section 247 (subd 2, par [a]) of the Banking Law. It appears that Devane Realty, a real estate agency owned and operated by petitioner's wife, accepted a listing to sell property in Rensselaer County and placed it with a multiple listing service. Lori Schindler Realty obtained a purchaser, and a contract of sale was executed in May, 1982 in which the sellers agreed to pay a 7% commission to Devane Realty upon "delivery of deed and payment of purchase price". Unbeknownst to either petitioner or his wife, the purchasers applied for, and obtained approval of, a mortgage loan with respondent bank. Petitioner participated in the approval by the board of trustees on June 24, 1982. A closing date was scheduled for July 2, 1982. Petitioner ostensibly first learned of this apparent conflict on the evening of July 1, 1982. The next morning, petitioner apprised respondent Herbert Fadeley, Jr., the bank's chief executive officer and chairman of the board, that he had inadvertently voted on a mortgage application for purchasers of property on which his wife would receive a commission. Notwithstanding this disclosure, the closing was completed later that afternoon. Devane Realty placed its portion of the commission in escrow with its attorney. ¶ On July 8, 1982, the board of trustees determined that petitioner had violated the proscriptions of section 247 (subd 2, par [a]) of the Banking Law, and that his office was vacated as a matter of law (Banking Law, § 248, subd 2, par [d]). Both parties requested a ruling from the State Banking Department, which determined that petitioner should be accorded a hearing to satisfy due process requirements. On January 24, 1983, a hearing before the board of trustees was conducted at which respondent Fadeley appointed himself hearing officer. The board determined that petitioner violated section 247 of the Banking Law and that his seat was automatically vacated. This CPLR article 78 proceeding was commenced seeking vacatur of the board's resolution and petitioner's reinstatement. Special Term concluded that section 247 (subd 2, par [a]) of the Banking Law had not been violated since petitioner did not retain any commission. This appeal ensued. ¶ There should be an affirmance. Subdivision 2 of section 247 of the Banking Law provides, in pertinent part, that: "Neither a trustee nor an officer of a savings bank shall (a) Receive directly or indirectly and retain for his own use any commission on or benefit from any loan made by

the savings bank". As Special Term recognized, this section employs a two-step analysis in defining a conflict, i.e., there must be a receipt of a commission or benefit, and a retention of same. The statutory language is clear in the first criterion, in that it prohibits a direct or *indirect* receipt of benefits. Here, Devane Realty received a commission in consequence of a mortgage loan secured from respondent bank. The unity of interest inherent in the husband-wife relationship, enhanced by the fact that petitioner also worked as a salesman for Devane Realty, confirms, at the very least, that the receipt of a commission inured to his benefit. However, the inquiry does not end here. The record confirms that petitioner inadvertently voted on the subject mortgage application, and upon discovery of the potential conflict, immediately and fully disclosed the situation to his superior. Significantly, respondents allowed the closing to proceed notwithstanding advance notice of the apparent conflict. Petitioner's wife thereafter issued a check for the full amount of the portion of the commission she received to be held in escrow by her attorney. While respondents urge that this transfer did not create a valid escrow agreement, there is nothing in the record to indicate that the attorney was unable to discharge his duties as a third-party depositary or that petitioner's wife did not intend to relinquish control of the check pending resolution of the instant proceedings (see 20 NY Jur, Escrow, § 3, pp 207-208). ¶ These circumstances prevailing, we agree with Special Term that petitioner did not *retain* any benefits in violation of section 247 of the Banking Law. We recognize that trustees of a savings bank are bound by a high fiduciary duty to preserve the integrity of the institution, and that self-dealing is unquestionably prohibited (*Hun v Cary,* 82 NY 65; 9 NY Jur 2d, Banks, § 148, p 389). By the same token, bank trustees should not be held to such an impractical standard that no one will assume the responsibility of the position (*id.*). By giving prompt notice of the conflict and having the commission placed in escrow, petitioner clearly demonstrated that he had no intention of retaining the commission for his own use. Rather than violate his fiduciary responsibilities, the record indicates that petitioner pursued every available means to correct an inadvertent error. ¶ Finally, we agree with petitioner's contention that the absence of an impartial hearing officer served to deprive him of his due process right to a fair hearing (see *Withrow v Larkin,* 421 US 35), and note that it is highly preferable to avoid this consequence by the appointment of an independent hearing officer (*Matter of Creed v Peekskill Sav. Bank,* Supreme Ct, Westchester County, Jan. 4, 1978, Cerrato, J.). ¶ Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur. [119 Misc 2d 463.]